UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL BRYANT §<br>§<br>Plaintiff, §<br>§<br>v. §<br>§<br>CHATTANOOGA POLICE §<br>DEPARTMENT, COTY WAMP, and §<br>HAMILTON COUNTY DISTRICT §<br>ATTORNEY'S OFFICE, and BARRY §<br>STEELMAN §<br>§<br>Defendants. § | CIVIL ACTION NO. _____ |

### DEFENDANT CHATTANOOGA POLICE DEPARTMENT'S NOTICE OF REMOVAL AND BRIEF IN SUPPORT THEREOF

TO THE HONORABLE JUDGE OF SAID COURT:

**CHATTANOOGA POLICE DEPARTMENT,** ("CPD") one of the Defendants herein, gives this its notice of the removal of the case styled *Daniel Bryant v. Chattanooga Police Department, Coty Wamp, and Hamilton County District Attorney's Office, and Barry Steelman*, which bears Cause No. CC-23-04983-E and is pending in the Dallas County Court of Law No. 5 of Dallas County, Texas ("the State Court Litigation"), from the County Court in which it was originally filed to the United States District Court for the Northern District of Texas, Dallas Division. In support thereof, CPD respectfully shows the Court the following:

# I.
# EXHIBITS AND COMPLINANCE WITH LOCAL RULE 81.1(a)(4)(A)

Exhibit 1   Plaintiff's Petition and Application for Temporary and Permanent Injunction and Application for Temporary Restraining Order and Request for Disclosures and proposed Temporary Restraining Order, filed on August 3, 2023.

Exhibit 2   Proposed Temporary Restraining Order, filed August 3, 2023.

Exhibit 3   Correspondence dated September 5, 2023, noticing a hearing on Plaintiff's Petition and Application for Temporary Injunction and Temporary Restraining Order, filed September 5, 2023.

Exhibit 4   Plaintiff's First Amended Petition and Application for Temporary and Permanent Injunction and Application for Temporary Restraining Order and Request for Disclosures (the "Petition") and proposed First Amended Temporary Restraining Order, filed on October 16, 2023.

Exhibit 5   Chattanooga Police Department's Special Appearance Challenging Assertion of Personal Jurisdiction, filed on October 18, 2023.

Exhibit 6   Certified Copy of the Docket Sheet of the trial court.

Exhibit 7   Certificate of Interested Persons per Local Rule 3.1(c)

The foregoing Exhibits comprise all of the pleadings, motions and papers on file in the underlying State Court Litigation.

# II.
# PERTINENT FACTUAL BACKGROUND

1. On August 3, 2023, the State Court Litigation was initially commenced by Plaintiff Daniel Bryant against CPD, Coty Wamp ("Wamp") and the Hamilton County District Attorney's Office (the "DA") in which he sought recovery under state law for damages alleged incurred when his property was seized in connection with law-enforcement activity and not returned to him after the underlying felony charges were dismissed.

2. CPD has not been served with process.

3. According to the docket sheet of the Dallas County, County Court at Law No. 5, neither Wamp nor the DA have been served with process.

4. On October 16, 2023, Plaintiff filed his First Amended Petition wherein he added the Hon. Barry Steelman (the "Judge") as a defendant. According to the docket sheet, the Judge has not been served with process.

4. On October 18, 2023, CPD filed a Special Appearace pursuant to Tex. R. Civ. P. 120a in the State Court Litigation.

5. Within the meaning of 28 U.S.C. § 1446(b), both Plaintiff's Original Petition filed August 3, 2023, and the live Petition, which is attached hereto as Exhibit 4, made claims against these certain Defendants which are removable to federal court. Specifically, the claims made in Plaintiff's Petition seek to recover in excess of $199,000.00 from Defendants who have complete diversity from Plaintiff (a Texas resident) via their being residents of the State of Tennessee. 28 U.S.C. §§ 1332, 1441(b); *see* Exhibit 4 at ¶¶ 3-6.

### III.
### BRIEF, ARGUMENT AND AUTHORITIES

The Plaintiff's action is one over which this Court has original jurisdiction pursuant to 28 U.S.C.A. §§ 1332, and may be removed to this Court by CPD pursuant to 28 U.S.C.A. § 1441(b). Under federal law, federal courts have original jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000.00 and is between citizens of different states. 28 U.S.C. § 1332(a). Venue of the State Court Litigation lies in Dallas County, Texas. Therefore, this action must be removed to the United States District Court for the Northern District of Texas, Dallas Division, pursuant to 42 U.S.C. § 1446(a).

Plaintiff's Petition identifies Plaintiff as a resident of the State of Texas and each of the three defendants as residents of the State of Tennessee. *See* Exhibit 4 at p. 2. The Petition also identifies the amount in dispute as $199,000.00 in money seized, as well as two motor vehicles which were also seized, and for which Plaintiff seeks recompense. Exhibit 4 at p. 3. Plaintiff's Petition also pleads, in accordance with Tex. R. Civ. P. 47, that he seeks to recover monetary relief in excess of $100,000.00. Exhibit 4 at p. 2.

When a defendant seeks to remove on the basis of diversity jurisdiction, the federal court ordinarily determines the amount in controversy based on the specific "good faith" sum demanded by the plaintiff in her state court petition. *Ford v. United Parcel Serv., Inc. (Ohio)*, No. 3:14-CV-1872-D, 2014 WL 4105965, at *2 (N.D. Tex. Aug. 21, 2014) (citing 28 U.S.C. § 1446(c)(2)) (Fitzwater, J.). As noted, Plaintiff's Petition specifically pleads to recover a sum in excess of this Court's jurisdictional requirement of $75,000.00. *See* Exhibit 4 at pp. 2-3. As a result, the Court's jurisdictional amount in controversy requirement has been satisfied based upon Plaintiff's claims. *See Bell v. Wal-Mart No. 2978/Sam*, No. 4:11CV-576-A, 2011 WL 5022815, at *1 (N.D. Tex. Oct. 18, 2011) ("The minimum amount in controversy requirement for diversity jurisdiction is clearly met because the damages requested in plaintiff's state court petition exceeds $75,000.").

Similarly, "[a] party removing an action to federal court bears the burden of proving that removal was proper and that federal subject matter jurisdiction exists." *Wood v. Bank of Am.*, No. 4:14-CV-0073-O, 2014 WL 11515725, at *2 (N.D. Tex. May 8, 2014). "When, as in this case, the basis for federal jurisdiction is diversity of citizenship, complete diversity must exist at the time the petition is filed in state court and at the time the notice of removal is filed." *Id*. "Diversity jurisdiction under 28 U.S.C. § 1332(a) requires that the action be between citizens of different states[.]" "The diversity statute requires complete diversity of citizenship: a district court cannot

exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992); *Diggs v. A.D.P. Total Sources, Inc.*, 3:06-CV-2230-M, 2006 LW 3833451, at *1 (N.D. Tex. Dec. 28, 2006). "Whenever federal jurisdiction in a removal case depends on complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named[.]" *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). Here, the Plaintiff's Petition establishes complete diversity on the face of the Petition: Plaintiff is a Texas resident, and all Defendants are Tennessee residents. Exhibit 4 at p. 2. As a result, no further analysis of diversity need be undertaken by this Court. *Compare Cronin v. State Farm Lloyds*, Civ. A No. H-08-1983, 2008 WL 4649653, at *1 (S.D. Tex. Oct. 10, 2008) ("If the requirements for federal jurisdiction are not apparent on the face of the plaintiff's state court petition, then removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal.").

Since complete diversity exists and the amount in controversy exceeds the minimum jurisdictional requirement, CPD is entitled to remove this action to federal court.

## IV.
## CONCLUSION

The instant action is hereby removed to the United States District Court for the Northern District of Texas, Dallas Division, for the reason that the Plaintiff has alleged a cause of action arising within the territorial jurisdiction of this District, the United States District Court has original jurisdiction over this matter, and CPD has properly perfected its removal.

Respectfully submitted,

*/s/Wm. Andrew Messer*
**WM. ANDREW MESSER**
andy@txmunicipallaw.com
State Bar No. 13472230
**TIMOTHY DUNN**
timothy@txmunicipallaw.com
State Bar No. 24050542
**MESSER FORT, PLLC**
6371 Preston Road, Suite 200
Frisco, TX   75034
972.668.6400 – Telephone
972.668.6414 – Facsimile

**COUNSEL FOR CHATTANOOGA POLICE DEPARTMENT**

# CERTIFICATE OF SERVICE

      I hereby certify that on October 18, 2023 I electronically filed the foregoing document with the clerk of the Court for the Northern District of Texas, Dallas Division, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic Filing." to any of the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means: Walter Musgrove, Bret Schmidt.

      Additionally, the foregoing document has been served upon the following persons in accordance with the Federal Rules of Civil Procedure, via certified mail, return receipt requested, on this the 18 day of October 2023:

Walter F. Musgrove III
PO Box 132274
Dallas, Texas 75313

Walter F. Musgrove III
6060 N. Central Expressway, Ste. 500
Dallas, Texas 75206-5249

Bret Schmidt
900 Jackson Street, Ste. 635
Dallas, Texas 75202-4423

Coty Wamp, *pro se*
600 Market Street, Ste. 310
Chattanooga, TN 37402

Hamilton County District Attorney's Office, *pro se*
600 Market Street, Ste. 310
Chattanooga, TX 37402

Hon. Barry Steelman, *pro se*
600 Market St.
Chattanooga, TN 37402

                                        */s/ Wm. Andrew Messer*
                                        **WM. ANDREW MESSER**